**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-064-JFH |
| CAINEY ROBERTS, JR., | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is a pro se motion for leave to file an extension to file a § 2255 motion ("Motion") filed by Defendant Cainey Roberts, Jr. ("Defendant"). Dkt. No. 67. Defendant makes three requests: an extension of time to file a § 2255 motion, appointment of counsel, and a copy of his change of plea hearing transcript. *Id.*

### I. Request for Extension of Time

Defendant's statute of limitations for filing a § 2255 motion is one year after his judgment of conviction became final. For purposes of § 2255, "a judgment becomes final when the defendant's time to file a direct appeal expires." *United States v. Anthony*, 25 F.4th 792, 800 (10th Cir. 2022). Here, Defendant's judgment was filed on February 17, 2023 [Dkt. No. 64] and the window to appeal it expired 14 days later, on March 3, 2023. Defendant's statute of limitations for his § 2255 motion is consequently March 4, 2024.[1]

Section 2255 "does not authorize a prospective extension of the statute of limitations." *Freeney v. United States*, No. 3:17-CR-664-L-1, 2022 WL 504173, at *1 (N.D. Tex. Feb. 18, 2022) (explaining that "without a section 2255 habeas motion on file, there is no concrete dispute to be

---

[1] March 3, 2024 is a Sunday, so the deadline rolls over to the next day that the courts are open.

decided in this case, and the court lacks subject matter jurisdiction to grant any relief"). Consequently, "[a] district court has no authority to grant an extension of time to file a § 2255 motion." *United States v. Butler*, No. 05-CR-0004-CVE, 2009 WL 204203, at *1 (N.D. Okla. Jan. 23, 2009). However, a pro se habeas petitioner "is entitled to every benefit of the doubt" and the Court "must consider whether [a] Motion to Extend may be construed as a § 2255 motion, even though it was not styled as such." *Id.* at *2.

Pursuant to Rule 2 of the Rules Governing Section 2255 Proceedings, a § 2255 motion must specify the grounds for relief, as well as "state the facts supporting each ground." Rule 2(b). *See also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994) (dismissing § 2255 claims for lack of factual support). Defendant's Motion does not include any factual support beyond a conclusory statement that he "feels his sentence exceeds his charged crime." Dkt. No. 67 at 2. This is insufficient to be construed as a § 2255 motion.

Because the Court does not have authority to grant the requested prospective extension, Defendant's Motion must be denied at this time. However, the Court notes that "[t]he one-year statute of limitations is not jurisdictional and can be equitably tolled, [although] equitable tolling is limited to rare and exceptional circumstances." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). Defendant's basis for the Motion is that he was transferred between detention facilities in late December 2023 and "is still waiting for his legal papers in his personal property" to arrive for his use in filing a § 2255 motion. Dkt. No. 67 at 1. In some cases, "the confiscation of a prisoner's legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling and permit the filing of a petition after the statute of limitations ordinarily would have run." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). That said, the Court cannot and does not decide today whether the limitations period would be tolled for Defendant

2

here, nor does it offer advice. *See Stenberg v. Langford*, No. 22-3308-JWL, 2023 WL 5487049, at *4 (D. Kan. Aug. 24, 2023) ("[A]lthough this Court liberally construes Petitioner's pro se pleadings, it may not act as Petitioner's advocate. The court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." (quotations and citations omitted)).

## II.    Request for Counsel

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). However, a federal habeas court must appoint counsel to represent a habeas petitioner if the court determines that an evidentiary hearing is required to adjudicate the petition. *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). In all other cases, the Court may appoint counsel at its discretion. *Id.* "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised in the claims." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

Here, Defendant's request is premature because there is no active § 2255 motion on file for the Court to review under *Swazo* and *Long*. Thus, the Court must deny Defendant's request but will do so without prejudice.

## III.    Request for Transcripts

"Fees for transcripts furnished in . . . habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes." 28 U.S.C. § 753(f). Defendant has not commenced his § 2255 proceeding, so Defendant's transcript request is similarly premature. *See Nortonsen v. Larimer Cty. Dist. Ct.,* 2006 WL 1086437, at * 1 (10th Cir. Apr. 26, 2006) (holding that post-conviction prisoners do not

have an automatic right to free copies of court documents and concluding that they must first demonstrate a nonfrivolous claim); *United States v. Harris*, Case No. 06-20131-01-KHV, 2010 WL 604183, at *1 n.1 (D. Kan. Feb. 17, 2010) (noting a defendant could be "entitled to copies of transcripts and other information *after* he files a Section 2255 motion" (emphasis in original)).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's pro se motion [Dkt. No. 67] is DENIED as to the request for extension of time and DENIED WITHOUT PREJUDICE as to the requests for counsel and transcripts.

Dated this 8th day of February 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE